UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:11-cr-262-1 |
| § | |
| PATRICK BREWER REGAN, § | |
| § | |
| *Defendant*. § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Patrick Brewer Regan's motion for an extension of time to file a notice of appeal. After considering the motion and the applicable law, the Court finds that Mr. Regan should be granted an extension.

I.     BACKGROUND

On June 21, 2013, final judgment was entered in Mr. Regan's case, which included a sentence of incarceration for sixty months for each of four counts in the indictment, to run concurrently, and a period of incarceration of forty-one months for the remaining count, to run consecutively, for a total of 101 months of imprisonment. *See* Doc. No. 168. On July 17, 2013, Mr. Regan filed a notice of appeal, seeking to appeal his sentence, apparently on ineffective assistance of counsel grounds. *See* Doc. No. 173.

In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days after the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). Mr. Regan's notice of appeal was therefore due on July 5, 2013, fourteen days after this Court entered judgment. Upon a showing

of excusable neglect or good cause, though, Rule 4(b)(4) of the Federal Rules of Appellate Procedure allows district courts to extend the time to file a notice of appeal by up to thirty days after the fourteen-day deadline. *See* Fed. R. App. P. 4(b)(4).

The United States Court of Appeals for the Fifth Circuit customarily treats the filing of an untimely notice of appeal within the thirty day period after the deadline as a motion for a determination of whether the defendant is entitled to an extension of time under Rule 4(b)(4). *United States v. Golding,* 739 F.2d 183, 184 (5th Cir. 1984). Mr. Regan's untimely notice was filed within the thirty day period, so the Fifth Circuit remanded the case back to this Court for a determination of whether an extension is warranted. Doc. No. 182. This Court subsequently ordered Mr. Regan to provide an explanation for his untimely filing. Doc. No. 184. Mr. Regan submitted a statement in accordance with the Court's order. Doc. No. 186.

## II.   LEGAL STANDARD

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

The Rule 4(b)(4) excusable neglect inquiry is both equitable and flexible, and considers all the relevant circumstances. *United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Such considerations include possible prejudice to the defendant, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Id.* at 44. Ineffective assistance of counsel due to counsel's mishandling of a defendant's notice of appeal may be sufficient to show excusable neglect. *See*

*United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999). Excusable neglect is a "somewhat elastic" concept, and should be interpreted accordingly. *See Clark*, 51 F.3d at 43 (quoting *Pioneer*, 507 U.S. at 392) (internal quotation marks omitted). Nevertheless, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* (quoting *Pioneer*, 507 U.S. at 392) (internal quotation marks omitted).

### III.  ANALYSIS

Mr. Regan filed his notice of appeal only twelve days after the deadline. In his statement to the Court, Mr. Regan reports under penalty of perjury that his notice of appeal was filed late because he was informed by counsel that an appeal was not possible. Doc No. 186. He relates that counsel visited him about one week after he was sentenced, and when Mr. Regan inquired about an appeal, counsel informed him that no appeal was available. Mr. Regan states that he only later discovered that appeal remained an option through his own study of the court rules.

The Court finds that Mr. Regan has shown excusable neglect regarding his untimely notice of appeal and is entitled to an extension.

### IV.  CONCLUSION

For the reasons stated in this memorandum, Defendant Patrick Brewer Regan's motion for an extension of time to file a notice of appeal is **GRANTED**. This case is to be returned to the United States Court of Appeals for the Fifth Circuit.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the sixteenth day of October, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE